UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| APRIMO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1419-LJM-TAB |
| | ) | |
| EXECUTIVE COMPUTING PTY LTD., | ) | |
| Defendant. | ) | |

## ENTRY & ORDER ON PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiff, Aprimo, Inc., appears by representative, William Godfrey, and by counsel, Michael

T. McNally, and Michael a. Wukmer, for Hearing on Plaintiffs' Motion for Preliminary Injunction.

Defendant, Executive Computing Pty Ltd. ("ECP"), fails to appear.  Aprimo seeks an injunction that

would prevent ECP, an Australian company, from filing a suit in Australia alleging that Aprimo, its

officers, and/or agents, breached the contract between them.  Fred Pratt was Court Reporter.

For the reasons stated herein, the Court **GRANTS** Aprimo's Motion for Preliminary

Injunction.


## I.  BACKGROUND

Aprimo is an Indiana corporation with its principal place of business in Marion County,

Indiana.  Verified Compl. ¶ 1.  ECP is an Australian company with its principal place of business

in Hunters Hill, Sydney, New South Wales, Australia.  *Id.* ¶ 2.

On or about March 31, 2005, Aprimo and ECP entered into a contract (the "Agreement"),

whereby ECP agreed to use its best efforts to distribute Aprimo's product in a specific territory,

Australia and New Zealand. *Id.* Ex. A, ¶¶ 1, 3. The Agreement contains a general provision stating, in part, the following:

> This Agreement and the references incorporated herein constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous oral and written representations and agreements between the parties. . . . This Agreement is governed by the laws of the state of Indiana, U.S.A., and any action relating to this Agreement shall be brought only in courts situated in Marion County, Indiana, U.S.A. and Company consents to venue and personal jurisdiction therein and hereby waives any right to object to personal jurisdiction or venue.

*Id.* ¶ 17.

Aprimo contends that during the life of the Agreement ECP has failed to generate any sales. *Id.* Verified Compl. ¶ 13. In addition, ECP has failed to abide by other provisions of the Agreement. *Id.* ¶ 13. Aprimo contends that ECP has breached the Agreement by failing to use its best efforts to sell Aprimo's products. *Id.* ¶ 14.

In addition, ECP has threatened to file suit in Australia against Aprimo. *Id.*, Ex. B. Specifically, ECP asserts that Aprimo has breached the Agreement by sharing ECP's confidential information and competing against ECP in Australia. *Id.*

Aprimo contends that the amount in controversy is greater than $75,000.00. *Id.* Verified Compl. ¶ 4.

According to the documents filed with the Court, Aprimo obtained personal service on ECP on December 6, 2007. Docket No. 14. In addition, at the Preliminary Injunction Hearing, Aprimo's counsel represented that ECP was aware of the date for the Preliminary Injunction Hearing and was non-committal on whether or not ECP would appear for said hearing. As of 2:01 p.m., ECP had not made an appearance.

## II.  PRELIMINARY INJUNCTION STANDARD

A Preliminary Injunction shall issue if Aprimo shows that (1) it is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the inuunction will not harm the public *Joelner v. Vill. of Wash. Park, Ill.*, 378 F.3d 613, 619 (7th Cir. 2004).

In cases such as this where the Court is being asked to issue an injunction that prevents a party from litigating a case in a foreign forum, the Seventh Circuit has adopted the so-called "'laxer' standard, which allows an injunction against litigating in a forum upon a finding that letting the two suits proceed would be gratuitously duplicative, or as the cases sometimes say 'vexatious and oppressive.'"  *Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) (citing *Seattle Totem Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855-56 (9th Cir. 1981)).

## III.  DISCUSSION

After reviewing the facts of this case, the Court concludes that a preliminary injunction is necessary.  This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(2) because it is an action between a citizen of a State and a citizen of a foreign State and the amount in controversy exceeds the sum of $75,000.00.  Moreover, Aprimo has shown that it has a likelihood of success on the merits of its claim that the forum selection clause in the Agreement is in danger of being breached by ECP, that Aprimo would be irreparably harmed by such a breach, that the balance of

harms weighs in favor of immediate relief, and that public policy supports enforcement of the forum selection clause.

Aprimo has shown that the Agreement clearly provides that any law suit pertaining to the Agreement and its incorporated documents would be filed in a court in Marion County, Indiana, U.S.A.  Verified Compl. Ex. A, ¶ 17.  In addition, ECP has threatened to file a law suit in Australia contending, in part, that Aprimo breached the Agreement.  Ex. B.  At the hearing, Aprimo asserted that ECP had recently inquired of Aprimo who to serve in Australia should a law suit be filed, which further supports Aprimo's assertion that ECP intends to usurp the forum selection clause in the Agreement.  As stated by the Supreme Court in *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 10 (1972), "[t]here are compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect."  Here, Aprimo has an interest in enforcing the contract as written.  The Agreement clearly states that ECP has waived its right to contest jurisdiction or venue in Marion County Indiana.  Aprimo has a substantial interest in having its distributor agreement enforced in its home forum.  Moreover, Indiana has an interest in protecting its corporations from harm at the hands of foreign corporations.

Although ECP seems to assert in its letter that there were misunderstandings between the parties as to the extent of ECP's exclusivity to distribute Aprimo's products in Australia and New Zealand, there is no allegation that the forum selection clause was obtained by fraud or undue influence.  As such, the Court must conclude that ECP freely contracted to litigates disputes related to the Agreement in Marion County, Indiana, USA.

Furthermore, Aprimo has shown that it could be irreparably harmed if ECP filed suit in Australia. The Agreement clearly provides that Indiana law governs disputes related to the contract. Litigation in Australia need not necessarily follow the rules of evidence or the rules of procedure. Furthermore, by filing suit in Australia, ECP would merely file a duplicative suit, which is vexatious enough to support an injunction in the Seventh Circuit. *See Allendale Mutual Ins. Co.*, 10 F.3d at 431.

Aprimo has also evidenced that the balance of harms tips in its favor. The relief sought by Aprimo is to enforce the terms of the Agreement such that ECP must litigate its claims against Aprimo in Indiana. Aprimo would be forced to litigate in a forum forum, however, that is nothing more than what it agreed to do in the Agreement. A limited restraining order, and a quick hearing on Aprimo's motion for preliminary injunction would limit any harm to ECP from temporary relief.

Finally, as discussed by the *Breman* Court, public policy supports enforcement of a freely negotiated agreement. *M/S Breman*, 407 U.S. at 10. *See also Omega Satellite Prods. Co. v. City of Indianapolis*, 536 F. Supp. 371, 380 (S.D. Ind. 1982).

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's, Aprimo, Inc., Motion for Preliminary Injunction. Defendant, Executive Computing Pty Ltd, is hereby **ENJOINED** from filing any claims against Aprimo, Inc., its officers, and/or agents, pursuant to the Aprimo, Incorporated Distributor Agreement entered into on or about March 31, 2005, in a court other than a court in Marion County, Indiana, U.S.A. The amount paid by plaintiff, Aprimo, Inc., as security for issuance of the Temporary Restraining Order in this cause shall remain as security pursuant to Federal Rule of Civil Procedure 65(c). The Clerk of the Court is hereby Ordered to maintain the sum of $5,000.00, in the Court's interest-bearing account as security in case the Court has entered this Preliminary Injunction erroneously.

IT IS SO ORDERED this 21st day of November, 2007.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Melanie E. Harris
ICE MILLER LLP
melanie.harris@icemiller.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Distributed via U.S. Postal Service to:

Executive Computing Pty Limited
ACN 109 281 781
Executive Computing Pty Limited
ACN 111 380 486
Level 3, 2 Lyon Park Road
Macquarie Park, Sydney
New South Wales 2113 Australia

6